JACOB F. TILLMAN v. FRANK A. HEARD ET AL., EXECUTORS.

### [48 South. 963.]

CHANCERY PLEADING AND PRACTICE. *Injunction. Bond. Code* 1906, § 609.

> An injunction to stay proceedings at law, although such proceedings be in the court of another state, was properly dissolved where the complainant failed to execute an injunction bond in double the sum sought to be collected, as required by Code 1906, § 609.

FROM the chancery court of Washington county.
HON. M. E. DENTON, Chancellor.

Tillman, appellant, was complainant in the court below; Heard and others, appellees, were defendants there. From a decree in defendants' favor, dissolving an injunction, complainant appealed to the supreme court.

Tillman, appellant, a resident of Mississippi, while temporarily in Muscogee county, Georgia, was there sued in the su-

perior court of that county by the executors of the will of W. L.
Tillman, deceased, on a claim for eleven thousand dollars.  Be-
fore the suit was tried in the Georgia court, the executors of the
will took out ancillary administration of the estate in Washing-
ton county, Mississippi, wherein their testator owned at his
death lands and personalty.   Whereupon appellant began this
suit in the chancery court of Washington county to restrain the
executors from prosecuting further the Muscogee county,
Georgia, suit.

The chancellor's fiat awarded the issuance of an injunction
as prayed for upon the execution of a bond in the sum of two
thousand dollars.  Appellant made the bond, and a temporary
injunction was issued.

Code 1906, § 609, is as follows:

"An injunction to stay proceedings at law shall not be issued
until after the party obtaining the fiat for the same shall enter
into bond, payable to the plaintiff at law, in double the amount
of the debt sought to be enjoined, with two or more sufficient
sureties, to be approved by the judge or chancellor, or by the
clerk issuing the injunction, conditioned for paying all money
and costs due or to become due to the plaintiff in the action at
law, and also such costs and damages as shall be awarded against
him in case the injunction shall be dissolved; which bond shall
be taken by the clerk issuing the injunction, and shall be by him
filed with the bill.  If any clerk shall, in any case, issue an in-
junction without having first taken bond as required by law, he
shall forfeit to the party aggrieved the sum of five hundred
dollars, to be recovered in an action, and shall, moreover, be
liable on his official bond for all damages sustained thereby."

*Hugh C. Watson*, for appellant.

*Shields & Boddie* and *Percy, Moody & Percy*, for appellees.

MAYES, J., delivered the opinion of the court.

The question presented by this record is confined to whether

or not the action of the court in dissolving the injunction was correct.

On examination of the record, we find that there was never a valid injunction issued. The proceeding was one to stay proceedings at law, and by the express provision of section 609, Code 1906, the party applying for such an injunction is required to enter into bond in double the amount of the debt sought to be enjoined. This bond was not given when the injunction was issued, and, although a decree of the court has since required complainant to execute the bond, no such bond is yet to be found in the record.

We are bound, therefore, to affirm and remand. *Affirmed.*